FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 DEC -2 AM 10: 02
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JACOB WYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 105-174 |
| | ) |
| AUGUSTA STATE MEDICAL PRISON, | ) |
| FNU LEMON, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 19, 2005, the Court ordered plaintiff in this Title 42, United States Code, Section 1983 action to complete a Consent to Collection of Fees form and a Trust Account Statement. Plaintiff submitted those forms on November 21, 2005. The Court determined that plaintiff was unable to pay an initial filing fee, and the case is now ready to proceed.

The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. § 1997e(c)(1). While pleadings drafted by *pro se* litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.  For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that plaintiff's complaint be **DISMISSED** for failure to state a claim on

which relief may be granted and that judgment be **ENTERED** in favor of defendants.

## I. BACKGROUND

In his complaint, plaintiff states that he went to the prison barbershop for a haircut sometime in February 2004. After the barber, defendant Lemon, cut the hair of other inmates, he began to cut plaintiff's hair without cleaning the clippers. After "a few strokes" with the clippers, plaintiff informed defendant Lemon that he had forgotten to clean the clippers before beginning the haircut. Defendant Lemon then admitted to plaintiff that he had so forgotten and presumably cleaned the clippers[1] and continued plaintiff's haircut.

Plaintiff states that he then began having problems with his hair. He went to the prison doctor and was told that he had a fungus in his hair. The doctor opined that the fungus might have resulted from unclean hair clippers. The doctor prescribed medication to plaintiff and told him that his hair would eventually grow back. According to plaintiff, his hair still has not grown back in some areas.

## II. DISCUSSION

To succeed in a Section 1983 action, a plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm and that the named defendants were deliberately indifferent to the risk. Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995). Plaintiff must further show that defendants "had knowledge of the

---

[1] Plaintiff's complaint does not explicitly state that defendant Lemon cleaned the clippers after being made aware that he had forgotten to do so.

substantial risk of harm [and] . . . knowingly or recklessly 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" Hale, 50 F.3d at 1583 (emphasis added) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 847 (1994)). Plaintiff must allege facts demonstrating (1) that he was subject to a substantial risk of harm, (2) that defendant was deliberately indifferent to that risk, (3) that there was a causal link between the acts or omissions of defendant and the substantial risk of harm, and (4) that there was a causal link between the substantial risk of harm and the injuries to plaintiff. Marsh v. Butler County, 225 F.3d 1243 (11th Cir. 2000).

Plaintiff's unfortunate experience in the prison barbershop does not rise to the level of a deprivation of constitutional rights subject to redress in a Section 1983 action. While defendant Lemon may have possessed professional knowledge, as a barber, of the risk of fungus being spread through unclean hair clippers, plaintiff avers no facts that would suggest a deliberate indifference to that risk. In fact, after plaintiff alerted defendant to his mistake, defendant, according to plaintiff's complaint, responded, "Oh man, my bad." From plaintiff's own complaint, defendant Lemon appears to have acted out of negligence, not the deliberate indifference required in a Section 1983 action. The Court also notes that, while whether there was a causal link between defendant's negligence and plaintiff's hair loss is a factual issue that the Court need not address at this time, the chain of events leading to plaintiff's hair loss could have been interrupted, and plaintiff's hair could have been saved, if he had alerted defendant Lemon of the unclean clippers before the haircut began.

The Court also notes that plaintiff's hair loss does not rise to the level of constitutional injury subject to redress in a Section 1983 action. In his complaint, plaintiff

3

seeks compensation for "mental and physical anguish." Pl. Compl. at 5. Any emotional distress plaintiff suffered from his haircut is not recoverable under Section 1983 without showing of a physical injury. 42 U.S.C. 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff's hair loss, be it temporary or permanent, is a de minimis physical injury from a constitutional standpoint. See Vinyard v. Wilson, 311 F.3d 1340, 1348 n.13 (11th Cir. 2002) (listing decisions involving de minimis injury).

## III. CONCLUSION

Because plaintiff is proceeding pro se the Court holds his complaint to a less stringent standard than if he were represented by counsel. Haines v. Kerner, 404 U.S. 519 (1972). This does not mean, however, that the Court will create a claim where none exists. "To state a cognizable claim under § 1983, a plaintiff's complaint must allege that the conduct of a defendant acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997).

Plaintiff's claims in this case do not suggest the sort of deliberate indifference to the risk of physical harm that would give rise to a Section 1983 claim. Plaintiff also has not asserted a constitutional injury. While plaintiff's claims may give rise to a cognizable tort claim against defendant Lemon, they do not rise to the level of a constitutional harm or deprivation of rights subject to redress in a Section 1983 action. Accordingly, the Court

4

**REPORTS** and **RECOMMENDS** that plaintiff's complaint be **DISMISSED** for failure to state a claim on which relief may be granted and that judgment be **ENTERED** in favor of defendants.

SO REPORTED and RECOMMENDED this 2nd day of ~~November~~ December 2005, in Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE